UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION

JOHN HANING                                                              PLAINTIFF

v.                    COMPLAINT PURSUANT
                      TO 18 U.S.C. 1983
                      No. 6:04-0248

TIMOTHY BOWEN, in his official                                           DEFENDANTS
And individual capacities;
BRIAN MCCLAIN, in his official
And individual capacities;
GARY VINCENT, in his official
and individual capacities;
STEVEN CANTERBURY, in his official
and individual capacities



FILED
MAR 1 9 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

INTRODUCTION

John Haning of Kentucky hereby asserts the following claims against the above titled action:
    (1) Violation of 42 U.S.C. 1983;
    (2) Intentional Infliction of Emotional Distress

JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a) and 1367. 42 U.S.C. secs 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

PARTIES

3. Plaintiff John Haning ["Haning"] is a natural person residing at 3301 Leestown rd., Lexington, Kentucky, United States of America; and was a resident of West Virginia during relevant times of this action.

4. Defendant Timothy Bowen was the administrator of North Central Regional Jail in March of 2002.

5. Defendant Brian McClain was the lieutenant of the North Central Regional Jail in March of 2002.

6. Defendant Gary Vincent was the administrator of Wood County Jail and Holding Facility in March of 2002.

7. Defendant Steven Canterbury was the director of the West Virginia Regional Jail and Correctional Facility Authority in March of 2002.

PERTINENT FACTS

8. Plaintiff Haning was arrested on or about November 10, 2001 in Wood County West Virginia. On the relevant dates he was serving a sentence for that offense in North Central Regional Jail, in Dodddridge, WV.

9. On or about March 16, 2002, Haning received word that his father, Richard Haning, had died.

10. Haning requested a furlough for bereavement to attend his father's funeral.

11. On or about March 18, the honorable Judge Reed granted an order permitting Haning to attend his father's funeral in Athens, Athens County, WV on March 18, 2004, and further granting that the Jail was to provide transportation to said funeral.

12. On or about March 18, 2002 Haning was transferred to a holding facility in the Wood County Jail in Wood County, West Virginia, administrated by Defendant Gary Vincent, by officers under the supervision of Defendant Tim Bowen or Brian McClain.

13. On or about March 18, 2002 Haning was denied release and transportation to attend his father's funeral in direct contradiction of Judge Reed's March 18th order.

14. On or about March 18, 2002 Haning was transported back to the North Central Regional Jail by officers under the supervision of Defendant Tim Bowen or Brian McClain.

15. Haning was never given an explanation as to the reason for said denial.

COUNT 1: VIOLATIONS OF 42 U.S.C. sec. 1983; RESTRAINT ON LIBERTY

16. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth.

17. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

18. By failing to transport Haning to his father's funeral the Defendants acting under the color of state law, intentionally, wantonly, willfully, and maliciously denied Haning the rights, privileges and immunities secured by United States Constitution and Federal law, to wit
   a) By depriving Haning of his liberty without due process of law, by holding him against his will,
   b) By acting in contradiction of Judge Reeds order to allow Mr. Haning to attend the funeral
   c) By acting in contradiction of West Virginia's Statutory Code, section 5-11
   d) By refusing or neglecting to prevent such deprivations and denials to the plaintiff, depriving plaintiff of his rights, privileges and immunities as guaranteed by the Constitution of the United States.

19. By failing to transport Haning to his father's funeral the Defendants acting under the color of state law, intentionally, wantonly, willfully, and purposely denied Haning the rights, privileges and immunities created by the court order of Judge Reed, to wit

   a) By depriving Haning of his liberty without due process of law, by holding him against his will,
   b) By acting in contradiction of Judge Reeds order to allow Mr. Haning to attend the funeral
   c) By acting in contradiction of West Virginia's Statutory Code, section 5-11
   d) By refusing or neglecting to prevent such deprivations and denials to the plaintiff, depriving plaintiff of his rights, privileges and immunities as guaranteed by the Constitution of the United States.

20. By failing to transport Haning to his father's funeral the Defendants acting under the color of state law, intentionally, wantonly, willfully, and purposely denied Haning the rights, privileges and immunities created by the standard practice of the West Virginia Regional Jail Authority, to wit
   a) By depriving Haning of his liberty without due process of law, by holding him against his will,
   b) By acting in contradiction of Judge Reeds order to allow Mr. Haning to attend the funeral
   c) By acting in contradiction of West Virginia's Statutory Code, section 5-11
   d) By refusing or neglecting to prevent such deprivations and denials to the plaintiff, depriving plaintiff of his rights, privileges and immunities as guaranteed by the Constitution of the United States.

21. As a result of the actions of the Defendants, Haning was deprived of his liberty without due process of law in violation of the Unites States Constitution and 42 USC sec 1983.

## COUNT 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. Defendants intentionally and deliberately inflicted emotional distress on Haning by violating his constitutional rights, or by violating the rights given to him by Judge Reeds order, or by violating the rights given to him by the custom or practice of the West Virginia Regional Jail Authority, by conspiring and interfering with Haning's civil rights or knew or should have known that emotional distress would be the direct result of their conduct.

24. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

25. The actions of the Defendants were the cause of Haning's distress.

26. Haning is a reasonable man.

27. The emotional distress sustained by Haning was severe and of a nature that no reasonable man could be expected to endure.

28. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional act.

29. Defendants are further liable under the doctrine of respondeat superior.

30. As a result of the Defendants' extreme and outrageous conduct, Haning has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, jointly and severally against Defendants John Bowen, Brian McClain, Gary Vincent and Steven Canterbury in the amount of one dollar or in the amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

administrator - John Tim Bowen
~~deputy lieutenant~~ Brian McClain
1st Sargent ~~Roger~~

HOLDING
→ Frederick

~~Capt. Myers~~ Capt. Myers

304-424-1835

March 2002

admin. County Employee - Gary Vincent

*[signature: John Haning]*
John Haning
PETITIONER, *pro-se*
3301 Leestown Rd, Lexington, KY

The forgoing Complaint, brought pursuant to 42 U.S.C. sec. 1983, was subscribed and sworn before me by John Haning, this the 15 day of March 2004.

My Commission Expires: June 28, 2006

*[signature]*
NOTARY PUBLIC, STATE AT LARGE